## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

George C. Young Courthouse and Federal Building
401 West Central Boulevard
Orlando, FL 32801

Elizabeth M. Warren
Clerk of Court

Benjamin C. Wynn
Orlando Division Manager

**SOUTHSTAR CAPITAL GROUP, I, LLC, COTTINGTON ROAD TIC, LLC and DURBAN ROAD TIC, LLC,**

           Plaintiffs,

v.

**1662 MULTIFAMILY LLC, HINES 1662 MULITFAMILY, LLC, HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, HIMH GP, LLC, HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, HINES INTEREST LIMITED PARTNERSHIP, JCH INVESTMENTS, INC. and URBAN OAKS BUILDERS, LLC,**

           Defendants.

Case No: 6:18-cv-1453-Orl-22DCI

*19-mp-1*

FILED
JAN -4 2019
Clerk, U.S. Bankruptcy,
Orlando Division

## NOTICE OF TRANSFER OF CASE TO BANKRUPTCY COURT

**To: Bankruptcy Clerk, Orlando Division**

Please find attached a certified copy of an Order, filed by US District Judge Anne C. Conway on 1/2/2019, transferring this case to the US Bankruptcy Court for the Middle District of Florida, Orlando Division. The entire case is available on PACER, but if you need any assistance, please don't hesitate to call me at the number below.

           ELIZABETH M. WARREN, CLERK

           By:   Mollie Pleicones, Deputy Clerk
                  Data Quality Analyst and Trainer
                  FLMD – Orlando Division
                  (407) 835-4203

Copies furnished to:
Bankruptcy Court Clerk's Office

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOUTHSTAR CAPITAL GROUP, I, LLC,
COTTINGTON ROAD TIC, LLC and DURBAN
ROAD TIC, LLC,

            **Plaintiffs,**

v.                                      Case No:   6:18-cv-1453-Orl-22GJK

1662 MULTIFAMILY LLC, HINES 1662
MULITFAMILY, LLC, HINES
INVESTMENT MANAGEMENT
HOLDINGS LIMITED PARTNERSHIP,
HIMH GP, LLC, HINES REAL ESTATE
HOLDINGS LIMITED PARTNERSHIP,
HINES INTEREST LIMITED
PARTNERSHIP, JCH INVESTMENTS,
INC. and URBAN OAKS BUILDERS,
LLC,

            **Defendants.**

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: [signature]
DEPUTY CLERK

## ORDER

This cause comes before the Court on Urban Oaks Builders, LLC's Motion to Transfer Venue of this case to the Bankruptcy Court for the Southern District of Texas (Doc. 8) and Plaintiffs' Dispositive Motion to Abstain and Remand the case to the state court (Doc. 29), which the parties agree are "inextricably intertwined." (Doc. 36 ¶ 9).

Plaintiffs Southstar Capital Group I, LLC, Cottington Road TIC, LLC and Durban Road TIC, LLC originally filed suit in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida,[1] on February 13, 2018, alleging claims for defective construction and fraud against Urban Oaks and the other Hines-related Defendants.[2] On August 31, 2018, Urban Oaks

---

[1] *Southstar Capital Group I, LLC v. 1662 Multifamily LLC*, Case No. 2018-CA-415OC.
[2] In a separate but related case, Urban Oaks and the other Defendants brought a declaratory judgment action on June 7, 2018 in state court against their insurers to provide a defense for Plaintiffs' claims in the underlying lawsuit. Although one of the insurers removed the case on July 17, 2018, following briefing on the issue and a mediation, the case against the insurers was remanded on December 20, 2018 for lack of subject matter

filed a voluntary petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Southern District of Texas[3] and subsequently removed the case to this Court on September 6, 2018.

Urban Oaks' Notice of Removal bases this Court's subject matter jurisdiction on 28 U.S.C. §§ 1334(b) and 1452(a) (Doc. 1). Section 1452(a) states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334(b) confers original jurisdiction in the federal courts for all civil proceedings "arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). Section 1452(a) has been read to allow parties to file a Notice of Removal directly with the bankruptcy court based on the automatic referral provisions under 28 U.S.C. § 157(a). *See, e.g., Braden Partners, L.P. v. Hometech Med. Servs., Inc.*, No. C–02–5187, 2003 WL 223423, at *2 (N.D. Cal. Jan. 17, 2003) (collecting cases).

In this case, Urban Oaks filed the Notice of Removal in the District Court (Doc. 1). Title 28 U.S.C. § 157(a) allows a district court to "provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The Middle District of Florida's Standing Order regarding this issue provides that "[p]ursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district." *In Re: Standing Order of Reference Cases Arising Under Title II, United States Code,* Case No. 6:12–mc–26–ORL–22 (M.D. Fla. Feb.

---

jurisdiction over the non-diverse parties. *See Hines Interests L.P. v. Gemini Insurance Company et al.,* Case No. 6:18-cv-1147-22DCI (*see* Doc. 72).

[3] *In re: Urban Oaks Builders LLC, Debtor,* Case No. 18-34892. Urban Oakes filed a Suggestion of Bankruptcy in the state circuit court which erroneously stated that the Chapter 11 petition was filed in the Bankruptcy Court for the "Middle District of Florida, Orlando Division." (Doc. 17).

- 2 -

22, 2012). As Judge Corcoran of the Bankruptcy Court for the Middle District of Florida has described the process:

> If a proceeding involving the debtor is already pending in another court when the debtor files its bankruptcy petition, that proceeding would likely then become "related to" the debtor's newly filed bankruptcy case. In those circumstances, the provisions of 28 U.S.C. § 1452 and F.R.B.P. 9027 would permit a party to remove the proceeding . . . to the district court within which the "related to" proceeding is pending. If that district has entered a general order of reference as [the Middle District of Florida] has done, the removed proceeding would then be automatically referred to the bankruptcy court in that district.

*In re The Academy, Inc.*, 288 B.R. 286, 289 (Bankr. M.D. Fla. 2002).

The Bankruptcy Court has the authority to decide whether a case should be remanded pursuant to the abstention provisions of 28 U.S.C. § 1334(c). *See, e.g., In re Talisman Marina, Inc.*, 385 B.R. 329, 337-38 (Bankr. M.D. Fla. 2008) (Paskay, J.) (following transfer from district court, bankruptcy court granted plaintiff's motion to remand pre-petition state-court action based on the factors that bankruptcy courts routinely consider in determining whether permissive or mandatory abstention is appropriate); *see also Lennar Corp. v. Briarwood Capital, LLC*, 430 B.R. 253, 262-69 (Bankr. S.D. Fla. 2010) (following transfer of removed state-court action to bankruptcy court where removing party should have initially filed notice of removal, bankruptcy judge analyzed the parties' competing motions for transfer and for abstention before ordering remand of adversary proceeding to state circuit court).

Based on the foregoing, it is ordered as follows:

1. The case is referred to the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, for all further proceedings in accordance with 28 U.S.C. § 157.

2. The Clerk is directed to transfer the case to the United States Bankruptcy Court for the Middle District of Florida, Orlando Division.

3. The Clerk is further directed to close the file.

- 4 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 31, 2018.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties